The next case is United States v. Castillo. Good morning, your honors. May it please the court, Daniel Habib, Federal Defenders of New York on behalf of Frank Smith Castillo. Castillo is 67 years old. Counting good time, he has served about 25 years of a mandatory life sentence. His health has deteriorated seriously with age. He suffers from an enlarged prostate, cataracts that have caused vision loss, and recently suffered a severe heart attack. The Bureau of Prisons rates him to pose a low risk of recidivism, and BOP staff describe him as a role model inmate who has changed during two decades of incarceration and become a better person. He met the criteria in application note 1B for a extraordinary and compelling reasons supporting a sentence reduction. The district court nonetheless denied relief by imposing an additional atextual requirement. Quote, in applying section 1B 1.13, courts typically grant compassionate release only to senior citizen defendants whose physical- Counsel? Yes. Counsel, I've been on this fellow's case a long time. I heard the original appeal, I heard the original motion for this diminished, and were we denied and said that you could ask again, and I wrote Rooker. Now, my question is, did the district court do what you said it did, which was to add an additional requirement, which would be wrong because the requirement wasn't there, or did the district court simply talk about the background of cases of that sort that were generally allowed? In our view- How do we read what the district court did? In our view, Your Honor, the district court erred in two related ways in its understanding of the note. First, we contend that the court did impose an additional and erroneous legal prerequisite to the satisfaction of note 1B. That's clear from the substantive import of the judge's decision. She said, and did not meaningfully dispute, that you've satisfied the criteria in the note, but your deterioration is not impairing your basic human functions or preventing you from living independently in prison, and therefore you have not shown extraordinary and compelling reasons. Relatedly, to the extent that the court was describing what Your Honor has called the background, as to how courts typically apply the note, her description was inaccurate as well. She relied on only two cases from a single judge in a single district for the proposition that serious deterioration or impairment of functions or an inability to live independently is required. And in our briefs, we've mustered a good half-dozen counterexamples. More could be adduced. On either understanding, the court's exercise of its discretion was compromised. Therefore, the appropriate remedy is vacater and remand. So your argument is that either the court believed it had to find a compromise of basic human function, or it was misled about what courts typically do. It was misunderstanding the law, broadly speaking. That's right, Chief Judge Livingston. If, to the extent that the ruling is understood to state a principle of law, it's incorrect, as I think is not really debatable, based on the face of Application Note 1B. In particular, when it's read in conjunction with Application Note 1A, which does impose an inability to provide self-care requirement. And to the extent that the court was informing itself on the basis of what its peers nationwide were doing, that was incorrect, too. As I say, we've adduced a number of cases where Application Note 1B relief was awarded to people with medical conditions, in many cases identical to Mr. Castillo's, but certainly to people who were capable of caring for themselves, and were not prevented from functioning independently in prison. I want to emphasize... Did the court make an alternative judgment of the 3553C, or did it just mention that in passing? The latter, Your Honor. The court's section 3553A analysis is not an independent basis for affirmance here. The court said twice that the 3553A factors, quote, weighed against relief, not that they precluded relief of their own force. Judge Wood is more than capable of saying, and in cases we've collected has in fact said, when the 3553A analysis provides an independent basis for denial of relief, and that would be in the Pena case, cited in our reply brief, affirmed in Arias, cited in our 20HA letter, where the court used the phrase independent basis, in the Gatton case, cited in our reply brief, where the court used the phrase independent reason, and in the Diaz and Cruz cases, cited in the government's 20HA letter, which used the locution, would fail, even if extraordinary and compelling reasons had been shown. Counsel? Go ahead, Judge Calabresi. No, if we are uncertain about what the court did, should we vacate and remand, or should we do a Jacobson remand and ask the court what it meant to be doing? I think this court would have discretion to select as between those remedies. We've argued that because the district court committed both legal and factual error in its understanding of the note, the standard remedy would be vacater and remand. However, if the court wants to take the more modest course of asking Judge Wood to clarify the basis for her ruling, then a Jacobson remand would be acceptable as well. Thank you. Counsel, I was going to ask whether the framing of the 3553A discussion, which you're right, is framed as a weighing against, as opposed to a defeats language. But, you know, the sentence starts, even if Smith-Castillo had demonstrated extraordinary and compelling circumstances, the 3553 factors weigh against. And then there's a couple of places where it says, you know, granting him a reduction would result in significant sentencing disparities. Hence, the court finds that they weigh against. It's preferable to say, in the alternative, the court concludes that release is not warranted under Section 3553A. But is it really that unclear, given the language used, that that's the judge's position? So two responses, Your Honor. First, to state the legal standard. If the court agrees that the characterization of Application Note 1B is erroneous, then Castillo has suffered prejudice unless the government can show harmlessness. So if there's ambiguity, that ambiguity ought to be resolved in Mr. Castillo's favor. But to address Your Honor's question head on, if the court had meant to do what the government says, that sentence would have been the easiest sentence in the world to write. Even if Mr. Castillo had shown extraordinary and compelling circumstances, his motion would still fail. And that's exactly what Judge Wood said in both the Diaz and the Cruz cases cited in the government's 28J letter. She did not say that here. She said that they weigh against relief. And on that point, it's entirely possible that the 3553A factors in a particular case could weigh against relief. But relief would nonetheless be appropriate. The statute only requires a district judge to consider the Section 3553A factors, quote, to the extent that they are applicable. It would be within the statutory scope of a district court's authority under 3582 to conclude that in general, that the Section 3553A factors weighed against relief. And that would be the case for most defendants pursuing relief under A2, which is the three strikes provision. Nonetheless, there could be extraordinary and compelling circumstances, whether related to health, whether related to physical decline, cognitive decline, family circumstances, et cetera, that would nonetheless support a sentence reduction. We'll hear from the government. Good morning. May it please the court. My name is Jerry Fang. I represent the government in this appeal and in connection with the 3582 motion below. The record here supports the district court's denial of Castillo's 3582 motion on two independently sufficient grounds. First, the district court reasonably exercised its discretion in finding no extraordinary and compelling reasons based on Castillo's medical ailments. And second, and independently, the district court reasonably exercised its discretion in finding that even if there were extraordinary and compelling reasons, the 3553A factors weighed against relief. So the district court correctly understood that these were separate requirements. The district court analyzed them separately and independently, and each is a separate basis for this court to affirm. I do want to start with where Mr. Habib left off with respect to the 3553A factors. The proposition that the court can grant a sentence reduction even where the 3553A factors weigh against relief is just not right. And how do we know that? Because of this court's opinion in Jones. And what this court said is that extraordinary and compelling reasons are necessary but not sufficient for a defendant to obtain relief under 3582C1A. The court then went on to say a district court's reasonable evaluation of the section 3553A factors is an alternative and independent basis for denial of compassion. That doesn't prove your point. The argument was not that they can't be the reason, but simply because they weigh in one direction doesn't mean that the court has to decide on that basis rather than on how very severe the other circumstances. I don't think you proved your point. If the court meant it to be an independent reason, fine. And maybe it did. Maybe it did. But I don't think you proved your point by saying, whenever it says things count against, that's enough. That doesn't make it. That isn't what Jones says. Well, Your Honor, I think that the teaching from Jones is that it confirms that each of the three requirements, namely administrative exhaustion, extraordinary and compelling reasons, and the 3553A factors are each separate requirements that must be met. And what we held in Brooker is that the district court has enormous discretion in weighing these and deciding what is appropriate under the circumstances. And simply because some tilt in one direction and some tilt in the other is not enough if the basic requirements are not met. Well, Your Honor, I do think that the plain text of the district court's opinion does, in fact, indicate that she believed that the 3553A analysis was an independent reason to That may be. That may be. I'm not arguing with that. I was arguing with the notion that if a district court said in a particular case, these tilt against, but I still think that because of the extraordinary circumstances, we don't give this, that that would be error. I just don't see that. And that was the argument you were making. Well, so Your Honor, I'm happy to clarify. I think with respect to just the way that the district court laid out its decision, and I think a common sense read of her decision supports this, the district court notes that there are three requirements that must be met. This is on page A194 of the appendix? That's correct, Your Honor. And then the district court says that even if, and I think this gets to Judge Merriam's question, even if there was an extraordinary and compelling reason, the 3553A factors weigh against release. And so what the court was essentially saying is there are three requirements that must be met, three preconditions that must be satisfied. The government did not dispute that Mr. Castillo had administratively exhausted his remedies. And what the district court said is, so that condition is met, and even if there was an extraordinary and compelling reason, the 3553A factors weigh against release, and as such is essentially outcome determinative. And if we look at the prior history of this case in which this court had affirmed the district court's denial of Castillo's first sentence reduction motion, I think that that actually supports the read that she intended her 3553A analysis to be an independent ground for denial of a sentence reduction. And in that case, or with respect to the first motion, the district court used the same ways against language. And in the first sentence reduction motion, to be sure there were different arguments that Castillo made as to why there were extraordinary and compelling circumstances, namely the change in law as a result of not allowing 924C stacking anymore. But in the briefing before this court in the first sentence reduction motion, the parties had litigated the import of what weighs against means. Does it mean that she intended her holding to be an independent and sufficient basis for denial of the first sentence reduction motion? And this court, although this court had affirmed on the basis that there were no extraordinary and compelling reasons for release, the court had also noted that it considered all of the other contentions that Castillo made and found them to be without merit. And that weighs against is not clear enough. I think you're reading that case and I was on that panel too broadly. The question really is what did the district court do in this case? And whether that is clear enough with respect to the first issue, with respect to the second issue, or whether if it was a remand, then simply ask the judge, hey, tell us what precisely you meant. What would be wrong with doing that in a case of uncertainty? How did you do that? Go ahead, sorry. Your honor, we take the point, although we don't think that remand here is necessary because we do think that what the district court was doing, both with respect to the 3553A factors as well as her analysis of extraordinary and compelling circumstances was clear. And with respect to the 3553A factors, this court has made clear that there are no magic words that need to be invoked. This isn't the same as interpreting a statute. And so the broader point that I'd like to make with respect to 3553A is we don't actually need to look at the district court's other decisions for context to understand her decision here, because her decision here does speak for itself. It clearly speaks for itself, and there's no ambiguity as to what she meant here. And this is something, the ways against formulation is something that this court has used time and again, and that Judge Wood has used time and again as well. And just a few examples that we've cited in our 28J letter. One is Petway. That was decided by Petway on May 13th, so essentially just a couple weeks ago. The case site for that is 2024 Westlaw 476-3933. And in Petway, the district court had denied a motion for a sentence reduction because there were no extraordinary and compelling reasons. And even if so, the 3553A factors, quote, weighed against a sentence reduction. And in Petway, a panel of this court declined to review the 3553A factors. And the district court did not review the extraordinary and compelling reasons determination, and instead affirmed solely based on the 3553A analysis. Similar situation with Camacho as well, which we've also cited in our 28J letter. The district court denied the motion because there were no extraordinary and compelling reasons, and because the 3553A factors, quote, weighed against a sentence reduction. And your argument is that the district court actually looked and made a determination. I understand your argument and your adversaries. But if it did make that determination, that's a determinative. We don't even have to consider the extraordinary and compelling reasons. I think that's exactly right, Your Honor. And as Camacho said, both the 3553A factors and extraordinary and compelling reasons have to support a sentence reduction. And the failure of either is an argument about the construction of the 3553A argument, or about the construction of her opinion. What are we to make about her statement that courts typically grant compassionate release only to senior citizen defendants whose deterioration has impaired basic human functions? If we disagree with her read of what courts typically do in this context, would that be a basis for remand? No, Your Honor. And I'm happy to get into why that is. So what the district court was doing is it was noting as a descriptive matter in terms of aiding her own exercise of her broad discretion in determining whether extraordinary and compelling reasons exist. She was looking to what other courts did. And so just to take a step back and start with the first principle, the district court correctly stated the law in saying that, A, she had broad discretion in determining whether there are extraordinary and compelling circumstances for a sentence reduction. And, B, that the guidelines at that time were not binding but helpful guidance. And it's important just to be clear about what Judge Woods said about Note 1B as well. The guidelines don't define serious deterioration. And so what the district court did is as a descriptive matter, noted the language that Mr. Hibby cited to, which is courts typically grant compassionate release only to senior citizen defendants whose physical and cognitive deterioration has impaired basic human functions. The district court wasn't stating a legal rule as to what serious deterioration requires or doesn't require. Rather, again, she was looking to how other courts had applied 1B, 1.13, to enforce the guidelines. And so the district court did not perform her own analysis as to whether those ailments that were presented constituted serious deterioration. She wasn't purporting to conduct an exhaustive nationwide survey. And what she was doing is essentially she was taking a survey of what some other courts have done in order to situate her own exercise. I think that's fair. But I think at the same time, the district court did, in fact, explain what it was doing. And on the fifth page of her decision, which is page 196 of the record, what the court did is the court had gone through an analysis of the defendant's age, the time he served, the medical issues that the defendant was experiencing, the health issues that the defendant had raised, including his prostate issue, heart disease, and eye problems. And then by way of analogy, by looking at what other courts have done, determined that that did not rise to the level of serious deterioration because it didn't impair him from carrying out basic human functions or living independently in prison. What the court was not doing is the court wasn't saying that those things were required. The court was simply saying that the court was citing to this language impairment of basic human functions, living independently in prison, to explain its reasoning as to why these ailments did not rise to the level of serious deterioration. And so we do think that the district court also reasonably exercised her discretion in finding that those health conditions didn't rise to the level of serious deterioration. Again, she walked through the medical conditions that the defendant raised and concluded that these did not rise to the level of extraordinary and compelling circumstances. That was the bottom line conclusion that the district court reached at the end of that extraordinary and compelling reasons analysis. I see that I'm a few minutes over time, and so unless the court has any additional questions, the government will rest on its brief. We'll hear rebuttal. Thank you. I'm cognizant that this court's approach to review of compassionate release motions is deferential. But what this court has insisted upon, beginning in Brooker, is that a district court's exercise of its discretion be untainted by framework legal error or framework factual error. When Mr. Smith-Castillo made his first compassionate release motion, as Judge Calabresi will recall, the district court's analysis denying the motion was based in part on an erroneous assessment of his risk of recidivism, which rated him a high risk. Mr. Castillo raised that issue before this hearing, and he could re-raise it in a new motion if a new risk assessment was done. It was done. He's a low risk of recidivism. And in fact, he's a head safety orderly at the prison where he's incarcerated. So now we're back on a second motion, and all we're asking for is the modest remedy of requiring the district court to be clear about the legal rules and the factual framework it is applying. That's not asking for much. To the extent that the district court's assessment is erroneous. The government just now said, well, the district court wasn't applying a legal rule. It was simply explaining its reasoning and telling us why Mr. Castillo had not demonstrated extraordinary and camelling circumstances. Right. And the reason the district court gave was his medical conditions didn't rise to the level of impairing his basic human functions or preventing him from living independently in prison. Those are atextual requirements that don't pertain to Application Note 1B. I also want to emphasize that the district court's assessment does not emphasize that Mr. Smith Castillo's medical conditions are extremely serious. He suffered a heart attack, which left him breathing into a paper bag on the floor of his cell at USP Big Sandy. He has had cataract surgery and is losing his vision in prison. He has an enlarged prostate that makes him feel the need to urinate frequently, which disrupts his sleep and requires him to take medication that impairs his balance. BOP staff have been very supportive of his readiness, reliability and dependability. The trial prosecutor in this case reviewed the compassionate release motion and thought that it was well taken. This court has seen a lot of compassionate release motions, I know. This motion is extraordinarily strong and all we're asking for, as Judge Calabresi has indicated, is the modest remedy of ensuring that the district court, in exercising its discretion, is unencumbered by legal or criminal charges. Thank you both and we will take the matter under advisement.